UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EWERS,
    Plaintiff,
-vs.-

CELCO, LTD.,
an Ohio company,
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, SCOTT EWERS, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, plead as follows:

### JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

### VENUE

2. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. The Defendant to this lawsuit is Celco, Ltd. ("Celco"), which, upon, information and belief, is an Ohio company that maintains a registered agent in Wayne County.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect two consumer type debts allegedly owed by Plaintiff to Heart Cardiology Consultants, P.C. One alleged debt is in the amount of $316.39 with account number 0007326338 ("Debt No. 1") and the other debt is in the amount of $176.39 with account number 0007397022 ("Debt No. 2").

6. On or about August 11, 2016, Defendant sent Mr. Ewers a letter attempting to collect the alleged Debt No. 1.

7. On or about August 24, 2016, Mr. Ewers, through, Michigan Consumer Credit Lawyers, submitted a validation and cease & desist letter to Defendant. In the letter, we notified the Defendant that we represented Mr. Ewers regarding Debt No. 1 and all other claims of indebtedness. Michigan Consumer Credit Lawyers requested that Defendant validate Debt No. 1 and requested that Defendant not contact our client, but to contact his attorney instead, in regards to all alleged debts he owed.

8. On or about October 19, 2016, despite being advised that Mr. Ewers had an attorney and not to contact him regarding all alleged debts, Defendant sent Mr. Ewers another letter attempting to collect Debt No. 2.

9. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates the preceding allegations by reference.

11. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

12. Mr. Ewers is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

13. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

14. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(a)(2) by communicating with a consumer in connection with a collection of any debt when the debt collector knows the consumer is represented by an attorney. Defendant did this when it sent Mr. Ewers another letter attempting to collect Debt No. 2 despite being notified that Mr. Ewers had an attorney and when Defendant had Mr. Ewers' attorney's contact information.

    b. 15 U.S.C. §1692c(c) by failing to cease and desist communication with the consumer after the consumer notified the debt collector in writing that he wished that Defendant cease communication with him. Defendant did this when it sent Mr. Ewers another letter attempting to collect on Debt No. 2 after Mr. Ewers previously sent Defendant a cease and desist letter regarding all alleged debts.

15. Mr. Ewers has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

16. Plaintiff incorporates the preceding allegations by reference.

17. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

18. Mr. Ewers is a debtor as that term is defined in M.C.L. § 339.901(f).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(h) by communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney and the attorney's name and address are known.

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

20. Mr. Ewers has suffered damages as a result of these violations of the Michigan Occupational Code.

21. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Mr. Ewers is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(h) by communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney and the attorney's name and address are known.

    b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

26. Mr. Ewers has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

    Respectfully submitted.

November 3, 2016    /s/ Gary Nitzkin
    GARY D. NITZKIN (P41155)
    TRAVIS SHACKELFORD P68710
    MICHIGAN CONSUMER CREDIT LAWYERS
    Attorneys for Plaintiff
    22142 West Nine Mile Road
    Southfield, MI 48033
    (248) 353-2882
    Fax (248) 353-4840
    Email – gary@micreditlawyer.com